UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
ASHLIE WHITE,                       :
       Plaintiff,             :     Hon. Joseph H. Rodriguez
       v.                     :     Civil Action No. 12-7567
UNITED STATES OF AMERICA,           :     **Opinion**
       Defendant.             :
_____

This matter comes before the Court upon the motion of the United States of America ("Government") to Dismiss the Complaint for Lack of Subject Matter and Personal Jurisdiction. The Court has considered the written submissions and the arguments advanced at the hearing on September 23, 2013. For the reasons set forth below, and those articulated on the record at the hearing, the Government's motion is granted.

                                                  **I.     BACKGROUND**

This is a medical negligence case. On July 31, 2009 Plaintiff Ashlie White was diagnosed with Stage IV colon cancer. Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division on July 27, 2011 against numerous defendant health care providers ("White 1"). Three of the named defendants were federal employees and on January 5, 2012, the Government entered its appearance as the proper party pursuant to 28 U.S.C. § 2679(d)(1) and 42 U.S.C. § (c) and (g). The Complaint averred that the three federal defendants were acting in the scope of their employment at the time of the occurrence. As a result, the parties agree that the Plaintiff's exclusive remedy was

against the Government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(b).

The action was removed to the United States District Court for the District of New Jersey and assigned to the Honorable Joseph E. Irenas, S.U.S.D.J. The Government successfully moved to dismiss the action for lack of subject matter jurisdiction because Plaintiff did not exhaust her administrative remedies prior to filing suit. On March 1, 2012, the Court dismissed White 1 as to the Government and remanded the remainder of the case to the New Jersey Superior Court. The state action is ongoing.

In light of the dismissal, Plaintiff had sixty days from March 1, 2012 to present her claims to the United States Department of Health and Human Services ("HHS"), pursuant to 28 U.S.C. § 2679(d)(5). On April 20, 2012, Plaintiff attempted to serve her FTCA notice on HHS, but "inadvertently" mailed the notice to the New Jersey Department of Treasury, Bureau of Risk Management. See Certification of Roberta Golden, Esquire ("Golden Cert."). On May 10, 2012 Plaintiff presented HHS with notice of her tort claim. See Declaration of James C. Anagnos ("Anagnos Decl.") ¶ 4 and Ex. 1. HHS denied the claim on June 13, 2012 as untimely. Id. at ¶4 and Ex. 2; Golden Cert., Ex. B.

Plaintiff filed the present action on December 11, 2012, within six months of the denial of her claim. The Complaint was amended on December 13, 2012 to correct the address of the United States Attorney's Office.

The Government moves to dismiss the present action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff failed to present an administrative tort claim within sixty (60) days after dismissal of White 1. In the alternative, the Government seeks dismissal for lack of personal subject matter

jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) because Plaintiff failed to properly serve the Government in accordance with Fed. R. Civ. P. 4(i). The Court will address the arguments.

## II. DISCUSSION

A. **Applicable Standards**

Federal Rule of Civil Procedure 12 governs a court's decision to dismiss a claim based on the pleadings. See Fed. R. Civ. P. 12. More specifically, Federal Rule of Civil Procedure 12(b)(1) governs a court's decision to dismiss a claim for "lack of subject matter jurisdiction" and Federal Rule of Civil Procedure 12(b)(6) governs a court's decision to dismiss a claim for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).

**1. Federal Rule of Civil Procedure 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) permits a court to dismiss a case for lack of subject matter jurisdiction. A defendant may contest subject matter jurisdiction by attacking the face of the complaint (i.e., a facial attack) or by attacking "the existence of subject matter jurisdiction in fact, quite apart from any pleadings" (i.e., a factual attack). Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); Schwartz v. Medicare, 832 F. Supp. 782, 787 (D.N.J. 1993); Donio v. United States, 746 F. Supp. 500, 504 (D.N.J. 1990). A facial attack "contest[s] the sufficiency of the pleadings." Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (citation

omitted). On a facial attack, the court must read the complaint in the light most favorable to the plaintiff and consider the allegations of the complaint as true. Mortensen, 549 F.2d at 891.

Under a factual attack, a court is not confined to the pleadings but may weigh and consider evidence outside the pleadings, including affidavits, depositions, and exhibits to satisfy itself that it has jurisdiction. Id.; Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000); Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997) (stating that court can consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction). This is because on a factual motion to dismiss for lack of subject matter jurisdiction, the court's very power to hear the case is at issue. Mortensen, 549 F.2d at 891; Gotha, 115 F.3d at 179. Moreover, on a factual attack, no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claim. Mortensen, 549 F.2d at 891.

Regardless of which approach is used, a plaintiff has the burden of proving that jurisdiction exists. Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir. 2009) (citing Carpet Grp. Int'l v. Oriental Rug Importers Ass'n, 227 F.3d 62, 69 (3d Cir. 2000)); Mortensen, 549 F.2d at 891. "The court may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." Iwanowa v. Ford Motor Co., 67 F. Supp. 2d 424, 438 (D.N.J. 1999) (citations omitted).

If the court finds that it lacks subject matter jurisdiction, it must dismiss the action under Rule 12(h)(3). See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## 2. Federal Tort Claims Act

The Government moves to dismiss the case for lack of subject matter jurisdiction because Plaintiff failed to present an administrative tort claim within sixty (60) days after dismissal of White I.  28 U.S.C. § 2674.  The claims presented in this case are governed by the FTCA, 28 U.S.C. §§ 1346(b), 2401(b), 2671 to 2680.  The FTCA is a limited waiver of the sovereign immunity of the United States and confers District Courts with exclusive jurisdiction over suits against the United States. 28 U.S.C. § 1346(b).

To make a claim under the FTCA, a claimant first must file her claim with the administrative agency allegedly responsible for her injuries, here HHS.  28 U.S.C. § 2675(a).  Failure to file the predicate administrative claim divests the court of subject matter jurisdiction. F.D.I.C. v. Meyer, 510 U.S. 471, 474 (1994); Calderon v. United States Dep't of Agric., 756 F. Supp. 181, 183 (D.N.J. 1990).   Thus, compliance with the FTCA statutory prerequisites is mandatory because the requirements are jurisdictional and cannot be waived.  McNeil v. United States Postal Serv., 508 U.S. 160, 111-13 (1993); Roma v. United States, 344 F.3d 352, 356 (3d Cir. 2003); see also 28 U.S.C. § 2675 (a).

The FTCA limitations period is two years. 28 U.S.C.§ 2401(b).  "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such a claim accrues . . . ." Id.  Although timely, Plaintiff's initial attempt to sue the health care defendants did not account for the fact that three of the defendants are federal employees.  As a result, Plaintiff never sought to proceed under the auspices of the FTCA and White I was dismissed for failure to exhaust the administrative remedies.  Plaintiff's initial errant attempt in White I triggers an amendment to the limitations requirement.  The Westfall

Act, 28 U.S.C. §§ 2671 et seq., establishes procedures to remedy FTCA claims filed in the wrong forum. Santo ex rel. Beato v. United States, 559 F.3d 189, 193-94 (3d Cir. 2009). "The FTCA now provides that tort claims filed in state court against federal employees acting within the scope of their employment 'shall be removed ... to the district court of the United States [where the claim is pending] ... and the United States shall be substituted as the party defendant.'" Id. (citing 28 U.S.C. § 2679(d)(2)).

The procedures delineated in the Westfall Act were followed in the present case.[1] As a result, Plaintiff was given a second chance pursuant to the "savings" clause of 28 U.S.C. § 2679(d)(5), which provides, in relevant part, that a claim is timely if "the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action." 28 U.S.C. § 2679(d)(5)(b); Santos, 559 F.3d at 193-94. There is no dispute that Plaintiff's claim did not reach HHS within the sixty day period prescribed by 28 U.S.C. § 2679(d)(5)(b). Instead, Plaintiff inexplicably presented her Notice of Tort Claim to the New Jersey Department of Treasury, Bureau of Risk Management. HHS was not presented with the claim until after the sixty day period expired. Given that the Notice to HHS is untimely, the Court must consider whether to equitably toll the FTCA limitations period.[2]

---

[1] The Government entered an appearance, removed the case to federal court, and the case was dismissed for failure to exhaust administrative remedies.

[2] The Third Circuit ruled that equitable tolling may apply to claims against the United States in Santos, 559 F.3d 193-94. "Considering that the FTCA creates tort liability "in the same manner" as liability is imposed on private individuals, the limitation provision is non-technical with a period of only two years, the circumstances surrounding tort and medical malpractice claims reasonably may justify applying equitable tolling to such claims, and neither the text nor structure of the freestanding statutory tolling provision suggests that Congress intended to preclude equitable tolling . . . in suits under the FTCA." Santos, 559 F.3d at 197.

There is an additional complication in the present matter. There is no Third Circuit precedent regarding the availability of equitable tolling to claims, such as here, that are proceeding under the savings clause of 28 U.S.C. § 2679(d)(5). In fact, the issue is unsettled as recognized in Gibson v. United States, No 3:11-0001, 2001 WL 1087933, at *4 (S.D.W.V. Mar. 22, 2011). Even if the Court were to conclude that the savings clause is subject to equitable tolling, the circumstances of this case do not warrant it. Therefore, the Court does not reach this question.

### 3. Equitable Tolling

Equitable tolling is an extraordinary remedy that can rescue a claim otherwise barred by the statute of limitations "when a plaintiff has 'been prevented from filing in a timely manner due to sufficiently inequitable circumstances.'" Santos, 559 F.3d at 197 (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999)). The doctrine applies in three limited circumstances: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Id. (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)).

The principles of equitable tolling do not extend to "garden-variety claims of excusable neglect." Santos, 559 F.3d at 197 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Therefore, a plaintiff must also establish that she exercised due diligence in attempting to uncover the relevant facts and preserving her claim. Id.; see also Cetel v. Kirwan Financial Group, Inc., 460 F.3d 494, 509 (3d Cir. 2006). Ultimately, a plaintiff seeking to invoke the extraordinary remedy of equitable tolling bears a heavy burden and the Court should extend its application only sparingly. See Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005).

### B. Analysis

The circumstances of the present case do not warrant the extraordinary remedy of equitable tolling. Plaintiff was not prevented from correctly filing the Standard Form 95 with HHS nor did she act with requisite due diligence. Although she attempted to file

her notice within the 60 day period, counsel sent the notice to the wrong address, the New Jersey Department of Treasury. At the hearing, counsel stated that the mistake was the result of an oversight, not confusion over the proper forum. Counsel's failure to recognize that the letter she signed was addressed to the wrong recipient is not an extraordinary circumstance warranting equitable tolling. Compare, Santos, 559 F.3d at 203 ("We reach our conclusion applying equitable tolling with great caution, keeping in mind that [. . .] equitable tolling is an extraordinary remedy that we rarely apply.") Rather, the mistake amounts to nothing more than garden-variety negligence; she simply made a clerical error. Unfortunately, the court cannot apply equitable tolling to garden-variety claims of excusable neglect and is constrained to dismiss the action for lack of subject matter jurisdiction. Irwin, 498 U.S. at 96; see also Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling[.]"); Horn v. HT Assocs., LLC, No. 09-3362, 2010 WL 1530624, at *3-4 (D.N.J. Apr. 15, 2010); Santos, 559 F.3d at 197-98 ("It is especially appropriate to be restrictive with respect to the extension of equitable tolling in cases involving the waiver of the sovereign immunity of the United States.")

Given that the Notice of Tort Claim was untimely filed with HHS, the Court need not address the other arguments advanced by the Government and will dismiss the action pursuant to Fed. R. Civ. P. 12 (h)(3) for lack of subject matter jurisdiction. An appropriate Order shall issue.

Dated: September 25, 2013

                                     s/ Joseph H. Rodriguez_____
                                     HON. JOSEPH H. RODRIGUEZ,
                                     United States District Judge